UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAMEN LEE TOKARZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-CV-00237-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Randi L. Johnson represents Damen Lee Tokarz (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on February 8, 2015, alleging disability since August 13, 2011, Tr. 190, due to degenerative disc disease, arthritis in the back, post-traumatic stress disorder (PTSD), knee pain, shoulder pain, neck pain, and numbness/burning/tingling sensations in his limbs, Tr. 262.[1] The application was denied initially and upon reconsideration. Tr. 139-141, 145-147. Administrative Law Judge (ALJ) R.J. Payne held a hearing on January 21, 2016 and heard testimony from Plaintiff, medical experts, Lynne Jahnke, M.D. and Margaret Moore, Ph.D., and vocational expert K. Diane Kramer. Tr. 35-89. The ALJ issued an unfavorable decision on February 1, 2016. Tr. 17-28. The Appeals Council denied review on May 5, 2016. Tr. 1-4. The ALJ's February 1, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 29, 2016. ECF No. 1, 5.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 30 years old at the alleged onset date. Tr. 190. Plaintiff

---

[1] Plaintiff had a prior application for benefits filed in May of 2014, alleging disability as of July 19, 2009. Tr. 181. This application was denied on September 18, 2014, Tr. 132-134, and the denial was not appealed. Because the ALJ was aware of the prior application and accepted, without comment, an alleged onset date prior to the September 18, 2014 denial, the Court will treat the ALJ's actions as a *de facto* reopening of the May 2014 application. *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001).

completed the twelfth grade and was in the military from February 2002 to November 2010. Tr. 263. He attempted to work as a meter reader from July to August of 2011. *Id*. He reported that he stopped working August 13, 2011 due to his conditions. Tr. 262.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of

proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 1, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 13, 2011, the alleged onset date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity; mild degenerative disk disease of the lumbar spine; depressive disorder; PTSD; personality disorder; and substance dependence. Tr. 19.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of medium work with the following limitations:

> except he can understand, remember, and carry out simple work instructions and more complex work instructions, but he should do no work with the general public; no more than occasional contact with

co-workers, and not a team-work type work setting; he would do best working alone; and he can handle normal supervision, but no over-the-shoulder or confrontational type of supervision.

Tr. 21. The ALJ identified Plaintiff's past relevant work as security guard and meter reader and concluded that Plaintiff was able to perform these jobs. Tr. 26-27.

In the alternative to a step four finding of disability, the ALJ determined that at step five, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of production helper, office cleaner I, and printed circuit board assembly. Tr. 27-28. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 13, 2011, through the date of the ALJ's decision, February 1, 2016. Tr. 28.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the disability determination from the Veterans Administration (VA); (2) giving improper weight to the opinion of Dr. Jahnke, and (3) failing to properly credit Plaintiff's alleged symptoms.

**DISCUSSION**

**A.     VA Disability Determination**

Plaintiff argues that the ALJ erred by failing to provide proper weight to the VA disability determination. ECF No. 14 at 5-10.

The Ninth Circuit has found "that although a VA rating of disability does not necessarily compel the [Social Security Administration (SSA)] to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in

reaching his decision."[2] *McCartey v. Massanari*, 298F.3d 1072, 1076 (9th Cir. 2002). The Ninth Circuit concluded that "an ALJ must ordinarily give great weight to a VA determination of disability." *Id*. Nevertheless, "[b]ecause the VA and SSA criteria for determining disability are not identical . . . the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id*. (citation omitted). If the ALJ gave less weight to the VA disability rating "on the ground that the VA and SSA disability inquiries are different, [his] analysis fell afoul of *McCartey*." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

As of May 15, 2013, the VA found Plaintiff had a 20% disability due to radiculopathy in left lower extremity, a 20% disability due to radiculopathy in the right lower extremity, a 10% disability for a traumatic brain injury, a 100% disability for PTSD, a 10% disability for chondromalacia in the left knee, a 10% disability for chondromalacia in the right knee, and a 40% disability for a lumbar strain with degenerative changes. Tr. 196-197, Tr. 228-237. This equated to an overall or combined rating of 100%. Tr. 197.

The ALJ gave this determination "little weight" because the "determination is based on its own rules, and is not binding on the Social Security Administration." Tr. 25-26. As set forth in *Valentine*, the ALJ's justification for

---

[2]The Court in *McCartey* relied upon 20 C.F.R. § 404.1504. 298 F.3d at 1076. This regulation was amended on March 27, 2017, and now states that "in claims filed on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." However, Plaintiff's application was filed prior to March 27, 2017. Therefore, the new language of the regulation does not apply in this case and the Court will rely upon 20 C.F.R. § 404.1504 (2016).

not giving great weight to the VA determination, that the VA rules differ from SSA's rules, is not sufficient under *McCartey*.

At the end of the discussion of the VA opinion, the ALJ stated "[i]n addition, Dr. Moore pointed out that her assessment was based on what treatment the claimant received and what medical evidence of record showed, not a VA rating." Tr. 26. However, Dr. Moore's opinion was limited to the psychological impairments and she testified that she refused to consider the VA's rating in forming her opinion. Tr. 59-60. Considering the VA rating spans both the psychological and physical impairments and that Dr. Moore refused to consider the ratings in her opinion, this vague reference to Dr. Moore is not a "persuasive, specific, valid reason" under *McCartey* to give the opinion "little weight."

Defendant also argues that the ALJ rejected the VA determination because Plaintiff had tried for years to get military disability, he was discharged in 2010 without limitations, the VA found his traumatic brain injury was very mild, it was inconsistent with his daily activities, and it contained no functional limitations. ECF No. 15 at 9. However, the ALJ provided the first four of these reasons for discrediting Plaintiff's symptom testimony, and not for rejecting the VA disability determination. *See* Tr. 23. The final reason Defendant cited, that it contained no functional limitations, is not mentioned in the ALJ's determination in reference to the VA determination. Tr. 25-26. As such, these are *post hoc* rationalizations that cannot be considered by the Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

The cases is remanded for the ALJ to properly weigh and consider the VA determination in accord with *McCartey*.

**B.     Lynne Jahnke, M.D.**

Plaintiff challenges the great weight given to the opinion of the

nonexamining medical expert who testified at the hearing, Dr. Jahnke. ECF No. 14 at 10-14.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

At the hearing, Dr. Jahnke opined that Plaintiff could perform a full range of medium work with no nonexertional limitations. Tr. 43. The ALJ gave this opinion "great weight" because she "had the entire longitudinal record evidence to review," her testimony was subject to cross-examination, she was familiar with the SSA disability program, her opinion was based on recent review of the current medical evidence, and her opinion was consistent with the overall medical evidence. Tr. 24.

At the hearing, Dr. Jahnke testified that she had only reviewed the record through exhibit 16F. Tr. 39. At the time of the hearing, the exhibit list included 17 exhibits in the "F" section of the file. *Id.* Plaintiff's counsel offered to go through the fifty pages of medical records from the VA that Dr. Jahnke did not have, but the ALJ limited Plaintiff's counsel to reporting if there were any new impairments. Tr. 40. Considering the case is being remanded for the ALJ to properly consider the VA determination and Dr. Jahnke did not have all the recent medical records as the ALJ asserted, the ALJ is to reconsider the weight provided to medical opinions in the file and call an additional medical expert to review the entire record and provide an opinion.

C.  **Plaintiff's Alleged Symptoms**

Plaintiff challenges the ALJ's determination that his alleged symptoms were less than fully credible. ECF No. 14 at 15-20.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his reported symptoms. Tr. 23. The ALJ reasoned that Plaintiff's symptom reporting was less than fully credible because (1) the objective medical evidence did not support the level of impairment he claimed, (2) his reported activities were inconsistent with the severity of alleged symptoms, (3) his lack of treatment and refusal of medications was inconsistent with the severity of alleged symptoms, (4) he tried for years to get military disability for his physical problems, and (5) none of his treating or examining physician found him unable to work at any exertional level. *Id*.

Considering the case is being remanded for the ALJ to readdress the VA disability determination and the other medical opinions in the file, the reliability of Plaintiff's alleged symptoms is also to be readdressed on remand in accord with S.S.R. 16-3p.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate

where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); s*ee also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to give the proper weight to the VA disability determination, readdress and weigh the medical opinions in the record, and readdress Plaintiff's alleged symptoms. The ALJ is to supplement the record with any outstanding medical evidence and call a psychological, a medical, and a vocational expert to testify at the remand hearing.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED September 6, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE